

# Fourth Court of Appeals
## San Antonio, Texas

August 29, 2019

No. 04-19-00472-CV

**IN RE** John M. **DONOHUE**

Original Mandamus Proceeding[1]

**ORDER**

Sitting:    Luz Elena D. Chapa, Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

On August 2, 2019, relator filed a pro se petition for writ of mandamus complaining of the trial court's orders declaring him a vexatious litigant, denying his motion to reinstate after the trial court dismissed his lawsuit for want of prosecution, and granting pleas to the jurisdiction filed by the defendants in his lawsuit. Relator has been designated a vexatious litigant. As a pro se vexatious litigant, relator is prohibited from filing any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies. *In re Crenshaw*, 05-19-00633-CV, 2019 WL 2710755 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 11.103(a) (clerk of a court "may not file [an] . . . original proceeding . . . presented, pro se, by a vexatious litigant subject to a prefiling order" unless pro se litigant first obtains permission from appropriate local administrative judge).

---

[1] This proceeding arises out of Cause No. CV-15-0000271, styled *John M. Donohue v. Bandera County Law Enforcement Personnel, et al.*, pending in the 198th Judicial District Court, Bandera County, Texas, the Honorable M. Rex Emerson presiding.

On August 12, 2019, this court ordered relator to file in this court, no later than August 23, 2019, an order from the appropriate local administrative judge granting relator permission to bring this original proceeding.[2]  On August 16, 2019, relator filed a motion asking this court to reconsider our August 12, 2019 order.  Relator relies on Texas Civil Practice and Remedies Code section 11.102(f), which provides in relevant part as follows:

> A decision of the appropriate local administrative judge described by Subsection (a) *denying a litigant permission to file a litigation* under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision.

TEX. CIV. PRAC. & REM. CODE § 11.102(f) (emphasis added).

Relator is not seeking mandamus relief "from [a] decision of the appropriate local administrative judge . . . denying [relator] permission to file a [new] litigation . . . ."  Instead, as stated above, relator is seeking mandamus relief from the trial court's orders declaring him a vexatious litigant,[3] denying his motion to reinstate after the trial court dismissed his lawsuit for want of prosecution, and granting pleas to the jurisdiction filed by the defendants in his lawsuit.  Therefore, section 11.102(f) does not apply.

Relator's motion to reconsider our August 12, 2019 order is DENIED.  Relator is ORDERED to file in this court, **<u>no later than September 9, 2019</u>**, an order from the appropriate local administrative judge granting relator permission to bring this original proceeding.  If relator does not file the appropriate order, this original proceeding will be dismissed.

It is so **ORDERED** on August 29, 2019.

<b>PER CURIAM</b>

---

[2]  Our August 12 order also stated that this court's July 17, 2019 order allowing relator to file a petition for writ of mandamus no later than August 2, 2019 does not constitute "permission" to pro se file an original proceeding as required by Texas Civil Practice and Remedies Code section 11.103(a).  Such permission may only be obtained from the appropriate local administrative judge.

[3]  Relator has an appeal pending before this court appealing from the trial court's order declaring him a vexatious litigant.

ATTESTED TO: 

Keith E. Hottle
Clerk of Court

